UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

ONTARIO SAMUELS                          CIVIL ACTION NO. 5:15-cv-2576
        LA. DOC # 343508
VS.                                    SECTION P

                                        JUDGE S. MAURICE HICKS

VICTOR E. JONES, JR.           MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

Pro se petitioner Ontario Samuels, an inmate in the custody of Louisiana's Department of

Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on

October 21, 2015. Petitioner attacks his February 4, 2014 conviction in Louisiana's First Judicial

District Court, Caddo Parish, for failing to register as a sex offender. This matter was referred to

the undersigned for review, report, and recommendation in accordance with the provisions of 28

U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended

that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust

all available State court remedies prior to filing his petition.

*Statement of the Case*

On February 4, 2014, petitioner pled guilty to a charge of failing to register as a sex

offender. He was sentenced to serve 3 years without benefit of parole. He did not appeal.[1]  On

---

[1] Petitioner claims to have appealed. [Doc. 1, ¶8] However his claim is not supported by
the record or the presumptively reliable published jurisprudence of the State of Louisiana. In
addition, the available evidence indicates that petitioner waived his right to appeal as a condition
of his plea agreement. [Doc. 1-2, p. 2] Under Louisiana law, petitioner could not appeal his
conviction since he entered a guilty plea. A plea of guilty normally waives all non-jurisdictional
defects in the proceedings prior to the plea. *State v. Crosby*, 338 So.2d 584 (La.1976).  Further,
petitioner could not appeal his sentence.  See La. C.Cr.P. art. 881.2(A)(2) which provides, "The

June 2, 2014, he filed an application for post-conviction relief in the First Judicial District Court

in which he claimed that his conviction was unconstitutional and invalid because he was

wrongfully accused; as proof of this claim he argued that the last digit of his Social Security

Number is different from the number listed on the sex offender registration forms. On July 14,

2014, the District Court denied and dismissed his application. [Doc. 1-2, pp. 2-3]

On some unspecified date petitioner claims to have sought review either of his conviction

or of the trial court's dismissal of his application for post-conviction relief. He makes reference

in his pleadings to a proceeding filed in the Second Circuit Court of Appeal which was assigned

Docket Number KH 15-50247 [Doc. 1, p. 9] and was denied on June 4, 2015.

It does not appear that petitioner sought further review in the Louisiana Supreme Court.

[See Doc. 1] In any event, the presumptively reliable published jurisprudence of the State of

Louisiana contains no writ judgments in which petitioner is listed as a party.

Instead, on June 23, 2014, he filed a pro se petition for writ of habeas corpus in this

Court. He argued a claim virtually identical to the claim presented herein. On September 9, 2014,

that petition was dismissed without prejudice for failure to exhaust State court remedies.  *See*

*Ontario Samuels v. Warden Natchitoches Parish Detention Center*, Civil Action No. 5:14-cv-

1812.

### *Law and Analysis*

As petitioner must by now be aware, the federal *habeas corpus* statute and decades of

---

defendant cannot appeal or seek review of a sentence imposed in conformity with a plea
agreement which was set forth in the record at the time of the plea." Under Louisiana law, art.
881.2 applies to bar the appeal of a sentence imposed pursuant to an agreed upon sentencing cap.
*State v. Young*, 96-0195 (La.10/15/96), 680 So.2d 1171.

federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A)[2]; *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982);  *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983);  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999);  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).

In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999);  *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985);  *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999);  *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. *See* LSA – Const. Art. 5, §5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts...")

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he

---

[2] Title 28 U.S.C. §2254(b)(1) provides, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

must have fairly presented the substance of his federal constitutional claims to the Louisiana

Supreme Court in a procedurally correct manner.  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th

Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).

Petitioner presented his claim to the First Judicial District Court; however, when that

Court denied relief, it is unclear what transpired thereafter. It appears that he may have sought

review in the Second Circuit Court of Appeal, but even if he did, it is clear that he did not

thereafter present his claim to the Louisiana Supreme Court. In other words, petitioner did not

properly exhaust his *habeas corpus* claim by presenting it in a proper manner to the  Louisiana

Supreme Court.  State Court remedies remain unexhausted. Further, petitioner has not, nor can he

show, that there is an absence of available State corrective process.

### 3. Stay and Abeyance

*Habeas* petitions presenting unexhausted claims must ordinarily be dismissed,  *Rose v.*

*Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982);  however, under certain limited

circumstances, petitions raising unexhausted claims may be stayed so that the petitioner can

return to state court to exhaust state remedies. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528,

161 L.Ed.2d 440 (2005).  Stays are designed to ensure that state *habeas* petitioners do not run

afoul of the limitations period and the prohibition against successive petitions codified by the

AEDPA.[3] As stated in *Rhines*, however:

> [S]tay and abeyance should be available only in limited circumstances. Because
> granting a stay effectively excuses a petitioner's failure to present his claims first
> to the state courts, stay and abeyance is only appropriate when the district court

---

[3] See 28 U.S.C. §2244(b)(3) which outlines the procedures for filing second and
successive *habeas* petitions; see Section 2244(d) which imposes a 1-year period of limitations for
filing *habeas corpus* petitions in the Federal courts.

determines there was good cause for the petitioner's failure to exhaust his claims
first in state court. Moreover, even if a petitioner had good cause for that failure,
the district court would abuse its discretion if it were to grant him a stay when his
unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ('An
application for a writ of *habeas corpus* may be denied on the merits,
notwithstanding the failure of the applicant to exhaust the remedies available in
the courts of the State').

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

Based on the record currently before the Court, it appears that a stay is not appropriate

because the instant petition,  unlike the petition in *Rhines*, is not a "mixed petition" containing

some exhausted claims and some claims that were not exhausted. State Court remedies remain

unexhausted as to **ALL** of petitioner's claims.  Further, petitioner has not shown good cause for

failing to exhaust state court remedies prior to filing this suit.  Finally, in light of the fact that

petitioner entered a guilty plea, it does not appear that petitioner's claims have any merit.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED**

**WITHOUT PREJUDICE**  because petitioner has failed to exhaust available State court

remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or

response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, December 14, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**